**LAWRENCE C. HERSH**
Attorney at Law
17 Sylvan Street, Suite 102B
Rutherford, NJ  07070
(201) 507-6300
*Attorney for Plaintiff*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

---

PATRICK CHENG,

           Plaintiff,

vs.

ZWICKER & ASSOCIATES, P.C.,

           Defendant.

Civil Action No.

**CLASS ACTION COMPLAINT AND JURY TRIAL DEMAND**

---

Plaintiff PATRICK CHENG, (hereinafter "Plaintiff"), by and through his undersigned attorney, alleges against the above-named Defendant Zwicker & Associates, P.C., Inc., its employees, agents, and successors, the following:

**PRELIMINARY STATEMENT**

1.  Plaintiff brings this action for actual and statutory damages and declaratory and injunctive relief arising from the Defendant's violation of 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331. This is an action for violations of 15 U.S.C. § 1692 *et seq*.

3. Venue is proper in this district under 28 U.S.C. §1391(b) because jurisdiction is not founded on diversity of citizenship.

## DEFINITIONS

4. As used in reference to the FDCPA, the terms "creditor," "consumer," "debt," and "debt collector" are defined in § 803 of the FDCPA and 15 U.S.C. § 1692a.

## JURY DEMAND

5. Plaintiff demands a jury trial on all issues.

## PARTIES

6. Plaintiff is a natural person.

7. ZWICKER & ASSOCIATES, P.C. ("Zwicker" or "Defendant") is a law firm and Massachusetts professional corporation, with its principle place of business located at 80 Minuteman Road, Andover, Massachusetts, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, defaulted consumer debts. Based upon information and belief Zwicker operates a nationwide defaulted debt collection business, and attempts to collect debts from consumers in virtually every state, including consumers in the State of New Jersey. In fact, Zwicker was acting as a debt collector, as that term is defined in the FDCPA, as to the defaulted consumer debt it

attempted to collect from Plaintiff.

## STATEMENT OF FACTS

8. Plaintiff is at all times relevant to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

9. On or before March 6, 2017, Plaintiff was the owner of a Discover Bank consumer credit card.

10. As some point prior to March 6, 2017, the Discover Bank credit card had a balance of approximately $21,758.05 which became past due. ("the Debt")

11. The Discover Bank credit card obligation arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

12. The alleged Discover Bank credit card obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

13. Discover Bank is a "creditor" as defined by 15 U.S.C. § 1692a(4).

14. At some time prior to March 6, 2017, Discover Bank referred Plaintiff's defaulted Discover Bank credit card account to Defendant for collection.

15. On or about March 6, 2017, Defendant filed suit on behalf of Discover Bank against Plaintiff in the Superior Court of New Jersey, Morris County, Law Division, in a case entitled Discover Bank v. Cheng, MRS-L-00535-17 seeking to collect the amount of $21,758.05, plus costs of the action ("the State Court Action") for the Debt.

16. Subsequently, on May 25, 2017 a default judgment was entered against Plaintiff in the amount of $22,033.33 in the State Court Action since the law firm that

Plaintiff had retained to handle the matter had failed to file a timely Answer.

17. Subsequently, Defendant levied on Plaintiff's PNC Bank account, which contained funds in the amount of $11,504.34.

18. On or about September 28, 2017, Defendant filed a Motion for Turnover in the State Court Action seeking to turnover to Defendant the $11,504.34 levied upon in in Plaintiff's PNC Bank account.

19. In support of Defendant's Motion for Turnover, Defendant submitted a Certification of Counsel, which indicated in paragraph 6 that, "As of the date of this motion the current amount due on this judgment is $34,935.76 plus costs of this motion".

20. However, the $34,935.76 judgment amount contained in the Certification was several thousand more than the amount that Plaintiff actually owed and inaccurately reflected the amount that Plaintiff owed on the judgment.

21. The $34,935.76 amount contained interest, fees, charges, penalties and/or other amounts which Defendant was not entitled to collect from Plaintiff.

22. The September 28, 2017 Certification of Counsel was filed in connection with the collection of the Discover Bank obligation.

23. The Motion for Turnover and the accompanying Certification of Counsel was a "communication" as defined by 15 U.S.C. §1692a(2).

24. Plaintiff suffered injury in fact by being subjected to unfair and abusive practices of Defendant.

25. Plaintiff suffered actual harm by being the target of Defendant's misleading debt collection communications.

26. Defendant violated Plaintiff's rights not to be the target of misleading debt

collection practices

27. Defendant violated Plaintiff's right to a truthful and fair debt collection process.

28. Defendant's Motion for Turnover which unlawfully listed a judgment amount that it was not entitled to collect caused Plaintiff a concrete injury in that Plaintiff was deprived of his right to receive accurate and trustworthy information as to the actual amount of the alleged debt that he owed as required by 15 U.S.C. §1692e(2)(A).

29. Defendant's Motion for Turnover was designed to cause Plaintiff to suffer a harmful disadvantage in charting a course of action in response to Defendant's collection efforts.

30. The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. The Defendant's false representations misled the Court in a manner that deprived Plaintiff of his right to enjoy these benefits.

31. As a result of Defendant's conduct, Plaintiff suffered an actual, concrete injury as a result of defendant's failure to provide Plaintiff information required under the FDCPA.

## COUNT I

**FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692 VIOLATIONS**

32. Plaintiff repeats the allegations contained in paragraphs 1 through 31 as if the same were set forth at length.

33. Defendant violated 15 U.S.C. §1692 et seq. of the FDCPA in connection with its collection attempts against Plaintiff.

34. By filing a Certification of Counsel in support of the Motion for Turnover which incorrectly represented the amount of the Judgment, violated several provisions of the FDCPA, including, but not limited to:

A. 15 U.S.C. §1692e, by using a false, deceptive or misleading representation or means in connection with the collection of any debt;

B. 15 U.S.C. §1692e(2)(A), by falsely representing the character, amount, or legal status of any debt;

C. 15 U.S.C. §1692e(2)(B), by falsely representing any services rendered or compensation which may lawfully be received by a debt collector for the collection of a debt;

D. 15 U.S.C. §1692e(5), by threatening to take to take an action that cannot legally be taken or that is not intended to be taken;

E. 15 U.S.C. §1692e(10) by using false representation or deceptive means to collect or attempt to collect a debt from Plaintiff;

F. 15 U.S.C. §1692f by using unfair or unconscionable means to collect or attempt to collect any debt; or,

G. 15 U.S.C. §1692f(1), by collecting or attempting to collect any amount not expressly authorized by the agreement creating the debt or permitted by law;

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

(a) Awarding Plaintiff the maximum statutory damages;

(b) Awarding pre-judgment interest;

(c) Awarding post-judgment interest;

(d) Awarding reasonable attorneys' fees, costs and expenses; and

(e) Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

Dated:   Rutherford, New Jersey
         September 27, 2018

                                              Respectfully submitted,

                                              By: <u>s/ Lawrence C. Hersh</u>
                                                    Lawrence C. Hersh, Esq.
                                                    17 Sylvan Street, Suite 102B
                                                    Rutherford, NJ  07070
                                                    (201) 507-6300
                                                    *Attorney for Plaintiff*

## **CERTIFICATION PURSUANT TO LOCAL RULE 11.2**

I, Lawrence C. Hersh, the undersigned attorney of record for Plaintiff, do hereby certify to my own knowledge and based upon information available to me at my office, the matter in controversy is not the subject of any other action now pending in any court or in any arbitration or administrative proceeding.

Dated: September 27, 2018                     By: <u>s/ Lawrence C. Hersh</u>
                                                   Lawrence C. Hersh, Esq.